IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RONALD A. THARRINGTON, JR.,**

    Plaintiff,

v.                                                                                                    Civil Action No. **3:19CV338**

**ARMOR CORRECTIONAL HEALTH CARE,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this action. The matter is before the Court on Plaintiff's failure to serve Defendants H.S.A. Williams[1] and Nurse (Jane Doe) within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Under Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days to serve Defendants H.S.A. Williams and Nurse (Jane Doe). Here, that period commenced on February 6, 2020. More than 90 days have elapsed and Plaintiff has not served Defendants H.S.A. Williams or Nurse (Jane Doe). By Memorandum Order entered on July 9, 2020, the Court directed Plaintiff, within eleven (11) days of the date of entry of that order, to show good cause why the action against Defendants H.S.A. Williams or Nurse (Jane Doe) should not be dismissed without prejudice.

---

[1] The summons was returned by the United States Marshal marked that they were unable to locate the person and there was "NO IDENTIFIABLE INFORMATION." (ECF No. 16.)

Plaintiff has responded. (ECF No. 30.)[2] Plaintiff has also filed two motions for subpoenas. Plaintiff insists that he filed a motion for a subpoena duces tecum in March "requesting the Court compel the V.A.D.O.C. and Armor Correctional Health Services provide Plaintiff with the name and last known address of the nurse who is indicated by the grievance record as the nurse who discontinued Plaintiff's pain medications." (*Id.* at 1.) Plaintiff also contends that he has not been able to visit the law library or do any research and "has submitted numerous requests to medical inquiry inquiring about nurse Jane Doe's identity and has not received any response at all." (*Id.*) Plaintiff asks the Court to compel the VDOC and Armor to "provide H.S.A, Williams['s] . . . last known address." (*Id.*)

As a preliminary matter, to the extent that Plaintiff wishes this Court to issue subpoenas to Armor Correctional Health, discovery is to be conducted on an informal basis. No motion concerning discovery may be filed with the Court until the parties have made a good faith effort to resolve all legitimate discovery disputes. *See* E.D. Va. Loc. Civ. R. 37(E). The Court reminds Plaintiff that discovery requests must be reasonable and relevant to the issues presently before the Court. Plaintiff must also certify that a good faith effort has been made to resolve the discovery matter at issue by conferring with counsel for the defendants regarding the resolution of such matters. Fed. R. Civ. P. 37(a)(1).

Plaintiff's request for subpoenas is also directed to a non-party to the action, the VDOC. To the extent Plaintiff seeks the issuance of subpoenas of a nonparty, the Court construes Plaintiff's request as one brought pursuant to Federal Rule of Civil Procedure 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). The federal rules "do not prescribe which of the alternative means

---

[2] The Court corrects the spelling, punctuation, and capitalization in the quotes from Plaintiff's submissions.

of seeking documents and things a party must use, or the sequence in which to use them." *In re RULE 45 SUBPOENA ISSUED TO ROBERT K. KOCHAN*, No. 5:07–MC–44–BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007). However, any request under Rule 45 must fall within the scope of Rule 26(b) which allows for discovery "not privileged, that is relevant to the claim or defense of any party" when the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. 34(a); *Jones v. Broadwell*, No. 5:10–CT–3223–FL, 2014 WL 43536, at *2 (E.D.N.C. Jan. 6, 2014).

Simply because "requested information is discoverable under Rule 26[] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l*, 373 F.3d 527, 543 (4th Cir. 2004). A district court may limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."

*Id.* (quoting Fed. R. Civ. P. 26(b)(2)). In this instance, the Court concludes that Plaintiff failed to seek discovery from the Defendant Armor Correctional Health on an informal basis before filing his requests for subpoenas of a nonparty. Accordingly, the motions for subpoenas (ECF Nos. 15, 31) are DENIED WITHOUT PREJUDICE. The Motion to Rule on Plaintiff's Request for Subpoena Duces Tecum (ECF No. 36) is DENIED AS MOOT.

With respect to his failure to serve H.S.A. Williams and Nurse (Jane Doe), Plaintiff has not demonstrated good cause. District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control

3

frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause, *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Plaintiff, not the Court, nor the United States Marshal's service, nor the attorney for another party, is responsible for providing the appropriate addresses for serving a Defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing the address at which service can be effectuated); *see also Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that *in forma pauperis* status conveys right to have court effect service only to extent plaintiff provides a valid address). Plaintiff has only demonstrated that he attempted to obtain Defendants' addresses and identity from the institution and that he filed a motion for the Court to obtain the addresses for him. Plaintiff simply blames the institution and, in essence, the Court, for his failure to learn the identity of Defendant Nurse Doe and to obtain an address for Defendant Williams. Plaintiff fails

to identify any other effort he has made to attempt to learn the identify of Nurse Doe and to locate an address where he can effect service on Defendants. Moreover, the Court fails to discern how lack of access to the law library would have any bearing on discovering the identity of a party or the appropriate addresses. Thus, Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, Plaintiff has failed to demonstrate good cause to excuse his failure to serve Defendants F.S.A. Williams or Nurse (Jane Doe) or good cause to warrant an extension of time. The claims against Defendants F.S.A. Williams or Nurse (Jane Doe) will be DISMISSED WITHOUT PREJUDICE.

If Plaintiff discovers the addresses of these parties, he may then file an appropriate amended complaint for the Court's consideration.

Plaintiff's Motion to Amend (ECF No. 14) is GRANTED to the extent that the attached exhibit will be considered by the Court.

An appropriate Order shall issue.

Date: 30 September 2020
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

/s/
John A. Gibney, Jr.
United States District Judge