**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**RONALD A. THARRINGTON, JR.,**

Plaintiff,

v.                                                                   Civil Action No. **3:19CV338**

**ARMOR CORRECTIONAL HEALTH CARE,** *et al.,*

Defendants.

**MEMORANDUM OPINION**

Ronald A. Tharrington, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis,* filed this 42 U.S.C. § 1983 action.[1]  The action is proceeding on Tharrington's Particularized Complaint. (ECF No. 10.) The matter is before the Court on the Motion to Dismiss filed by Armor Correctional Health Services ("Armor").  (ECF No. 19.)  Tharrington has responded.  (ECF

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

No. 33.) Armor filed a Reply. (ECF No. 34.)[2] For the reasons stated below, the Motion to Dismiss

(ECF No. 19) will be GRANTED, and the action will be DISMISSED.[3]

## I.    STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action

filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim

on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first

standard includes claims based upon "an indisputably meritless legal theory," or claims where the

"factual contentions are clearly baseless."  *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994).  The

second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,

it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In

---

[2] In the Reply, Armor argues that Tharrington's response is late.  Although tardy, the Court will nevertheless consider Tharrington's response.  Tharrington also filed a response to Armor's Reply (ECF No. 36, at 7), which is not a pleading authorized by the Local Rules for Eastern District of Virginia or the Federal Rules, and for this reason the response to the Reply will not be considered by the Court.  *See* E.D.Va. Local Civil Rule 7(F).  Even if the Court could consider this submission, Tharrington is not permitted to add new claims or allegations that he failed to raise in his Particularized Complaint by a passing reference in this submission.  *See Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs").

[3] By Memorandum Opinion and Order entered on September 30, 2020, the Court dismissed the claims against Nurse Jane Doe and H.S.A. Williams because Tharrington failed to serve these parties within the time permitted by Fed. R. Civ. P. 4(m).

considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the

inmate failed to clearly raise on the face of his complaint, *see Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    SUMMARY OF PERTINENT ALLEGATIONS

Tharrington suffers from chronic nerve and orthopedic pain that is "unrelenting and unbearable." (ECF No. 10, at 2.)[4] Tharrington has "tried multiple types of medications prescribed to him by doctors due to the limited treatment options offered by the Virginia Department of Corrections" and many make him feel "lightheaded, sleepy, and unable to focus." (*Id.* (internal quotation marks omitted).)   Between November 2017 and February 2018, Tharrington was prescribed the medication Cymbalta which failed to address his pain and caused depression. (*Id.*) On February 14, 2018, Dr. Warner prescribed Neurontin and Robaxin for muscle spasms in his back. (*Id.*) Tharrington had been taking Neurontin for approximately five years and "without it, he cannot function normally throughout the day due to the unrelenting nerve pain (neuropathy) that he suffers from." (*Id.* at 3.) On April 29, 2018, nursing staff informed him that his prescription for Neurontin had been discontinued. (*Id.*)

On April 30, 2018, Tharrington only received his blood pressure medicine at pill call. (*Id.*) That same day, Tharrington submitted an emergency grievance and an informal complaint asking why the Neurontin was discontinued. (*Id.* at 4; ECF No. 10-1, at 2.)[5] Nursing staff responded to

---

[4] The Court employs the pagination assigned to Tharrington's submissions by the CM/ECF docketing system.   The Court corrects the capitalization, punctuation, and spelling in the quotations from Tharrington's submissions.

[5] Tharrington attached emergency grievances to in his Particularized Complaint and cites to each to substantiate his allegations about his complaints and the medical staff's responses to his complaints. (ECF No. 10–1.) Armor also cites to these emergency grievances in its summary of allegations to include additional information that Tharrington did not include in his Particularized Complaint. The "exhibit-prevails rule . . . provides that 'in the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails.'" *Goines v. Valley*

the emergency grievance that same day and instructed Tharrington to submit a sick call request to be assessed by the doctor. (ECF No. 10-1, at 2.) Tharrington submitted a second emergency grievance on April 30, 2018, requesting Tylenol and indicating that he was in "severe pain." (*Id.* at 3.) Nursing staff responded on May 1, 2018, that Tharrington would be receiving Cymbalta for nerve pain and that he was already receiving Baclofen. (*Id.* at 3.)

On May 1, 2018, Tharrington submitted a third emergency grievance noting that he could not take Cymbalta because of "the side effects it gives me," that he had an "excruciating headache" and wanted medicine for it, and again asking why "his medication [was] discontinued." (*Id.* at 4.) Nursing staff responded the same day that Tharrington should submit a sick call request to discuss

---

*Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (second alteration in original) (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)). Under this rule, "if a plaintiff 'attaches documents and *relies upon the documents to form the basis for a claim or part of a claim*, dismissal is appropriate if the document negates the claim." *Id.* (emphasis added) (quoting *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002)).

Nevertheless, as recently explained by the United States Court of Appeals for the Fourth Circuit:

> The "exhibit-prevails" rule is based on "the presumption that the plaintiff, by basing his [or her] claim on the attached document, has adopted as true the contents of that document." [*Goines*, 822 F.3d] at 167. However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Id.* "[I]n cases where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.* "The purpose for which the document is offered is particularly important where the document is one prepared by or for the defendant. Such unilateral documents may reflect the defendant's version of contested events or contain self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff." *Id.* at 168.

*Bell v. Landress*, 708 F. App'x 138, 138–39 (4th Cir. 2018) (third alteration in original). In *Bell*, the Fourth Circuit concluded that, in dismissing inmate Bell's complaint, the district court improperly relied upon a document attached to the complaint prepared by a prison official. *Id.* at 139. However, unlike in *Bell*, Tharrington attached these emergency grievances and relies upon these grievances to form the basis of his claims. It is evident that Tharrington attached these documents to demonstrate that his allegations are true. Moreover, there does not appear to be conflict between Tharrington's allegations and the content in the exhibits. Rather, Tharrington merely did not include all of the content in the grievances. Thus, the Court may consider the content of the grievances in a Fed. R. Civ. P. 12(b)(6) context.

his medication issues with the doctor.  (*See id.*)  On May 2, 2018, Tharrington submitted a fourth emergency grievance where he complained that he was "in severe pain (chronic)" and had experienced a headache for two days, and again asked why the doctor had discontinued Neurontin. (*Id.* at 5.)  The same day, nursing staff responded that "an order was written for Cymbalta and Lexapro" and that Tharrington should be receiving it in the "next 1 or 2 pill passes." (*Id.*)  On May 4, 2018, Tharrington submitted an emergency grievance complaining that he was experiencing "severe nerve pain in my hands, feet[, and] right leg" and asked for the doctor to reinstate Neurontin because Cymbalta "made [him] severely depressed and did not relieve [his] pain." (*Id.* at 6.)  Nursing staff responded the same day that there were no new orders from the doctor for his medication and that Tharrington needed to "discuss [his] concerns with MD at your next appointment." (*Id.*)

On May 5, 2018, Tharrington "was advised that his emer[gency] griev[ance] did not meet the criteria of being an emergency and that he was 'wasting officers' time.'" (ECF No. 10, at 5.) On May 21, 2018, Tharrington submitted an emergency grievance complaining of "unnecessary pain for 3 weeks" due to the discontinuation of medicine; however, the emergency grievance "was returned to [him] unprocessed." (*Id.*)

On June 17, 2018, Tharrington "received the decision from the grievance that he submitted the first day he discovered his medications had been discontinued." (*Id.*)  Tharrington "was shocked to learn that a nurse had discontinued his medicine!?" (*Id.* at 5–6.)  Tharrington "subsequently asked several nurses if they discontinued his meds and was told the same thing: 'of course not, that's horrible, I know how much you need your medicine.'  Nevertheless, as stated in the grievance, a nurse (Jane Doe) at this point discontinued Plaintiff's medications." (*Id.* at 6.)[6]

---

[6] Tharrington did not attach the grievance that he received on June 17, 2018 to his Particularized Complaint.

Based on the foregoing allegations, Tharrington raises the following Eighth Amendment[7]

claim for relief against Armor:

> Armor Correctional Health Care is liable under the Respondeat Superior
> doctrine because through the scope of recent lawsuits against the company, it is
> apparent that inadequate and indifferent medical care is the norm. . . . Armor is
> well aware of their employees' activities by the grievances submitted and lawsuits
> settled. The activities in which an employee engages in the carrying out of the
> employer's business which are reasonably foreseeable by the employer under the
> doctrine of respondeat superior a principle is liable for the torts of his agent
> committed within the scope, actual or apparent, of his employment. An employee
> acts in the scope of his employment for the purposes of invoking respondeat
> superior when he/she is doing something in furtherance of his duties he/she owes
> his employer, and where . . . [the] employer is or could be exercising some control
> directly or indirectly to employee['s] activities. . . . Employee is in the scope of
> employment such that corporate employer is liable to third party for his [actions]
> whenever he is engaged in activities that fairly and reasonably may be said to be
> incident of the employment or logically and naturally connected with it.

(*Id.* at 7–8.) Tharrington seeks monetary damages and asks the Court to order that he only be

treated by physicians at Medical College of Virginia and to order his transfer to a different

institution. (*Id.* at 9.)

### III.   ANALYSIS

To state an Eighth Amendment claim, an inmate must allege facts that indicate "(1) that

objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that

subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v.

Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Under the objective prong, the inmate must allege facts to suggest that the deprivation complained

of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty

that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375,

1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an

---

[7] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).   With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." *Quinones*, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.   *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough.   The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997).   Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

8

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

Generally, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926,

928 (4th Cir. 1977) (internal quotation marks omitted).  A private corporation, such as Armor, cannot be held liable "for torts committed by [its employees] when such liability is predicated solely upon a theory of *respondeat superior*." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted).  Instead, "a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Id.* (citations omitted).  Tharrington has failed to advance any facts that plausibly indicates that Armor has such a policy of denying inmates prescription drugs.  Instead, Tharrington admittedly bases Armor's liability solely on respondeat superior, and therefore, fails to state an Eighth Amendment claim.[8]  Accordingly, Tharrington's claim against Armor will be DISMISSED WITHOUT PREJUDICE.

## IV.  CONCLUSION

The Motion to Dismiss (No. 19) will be GRANTED.  Tharrington's claim against Armor will be DISMISSED WITHOUT PREJUDICE.  Tharrington's Motion to Appoint Counsel (ECF

---

[8] An unconstitutional official policy or custom

> can arise in four ways:  (1) through an express policy, such as a written ordinance or regulation;  (2) through the decisions of a person with final policymaking authority;  (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (alteration in original) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)).  Although Tharrington vaguely suggests that Armor has a history of providing inadequate medical care, he fails to plausibly allege facts that Armor has a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law" sufficient to state a claim for relief.  *Id.* at 471.  At most, he recites snippets of the legal standard without alleging any facts in support of that conclusion.  (*See* ECF No. 33, at 4.)

No. 36, at 4) will be DENIED WITHOUT PREJUDICE.  As reflected in the Memorandum

Opinion entered on September 30, 2020, the Motion to Rule on Plaintiff's Request for Subpoena

Duces Tecum (ECF No. 36) will be DENIED as moot.  The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7 October 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge